Weylis Walford

vs

The State of Texas
Appellee

No. 01-14-00822-CR

In The Court of Criminal Appeals At
Houston, Texas

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 14 2015

CHRISTOPHER A. PRINE
CLERK

Motion for Rehearing + or time Extension For Petitioner
for Discretionary Review. (P.D.R)

To The Honorable Justices of The Court of Appeal First District of Texas:

Comes Now, Appellant, And files this Motion for AN Rehearing and or time Extension for filing of Petitioner for Discretionary Review (P.D.R) In support of this motion, Appellant shows the Court the following

## I.

To my understanding; Appellant's Appeal in case Burglary of habitation #1404673 in 177th Distict Courtroom; Harris County; Houston, Texas was Affirmed; The Appellant is Requesting for a Rehearing because of reason listed below; and also Corresponding with The Opinion Appellant Request for Rehearing is confirmed by strict supporting fact as well as Doctrines of the Law

## II.

The Appellant; If Denied, is Also Requesting for A time Extension in which to file A Petitioner for Discretionary Review; because Not being Allow to Law Library properly according to policy of Texas Department Criminal Justice (TDCJ) Handbook I've been Deprived since Entering (Connally Unit) 899 FM 632 Kenedy Texas 78119 04-22-15,

## III. (Detail Above)

A). As spoke on in (part I.) reason for asking for Rehearing is clear; Accordd to (so call) Judgement of case #1404673 Burlary of habitation Appeal produce from panel of Justices; Keyes, Huddle, and Lloyd; that was Affirmed; The Appellant Argument, 1st and farmost was Raised properly and on time (see; so call) Judgement.

B). The Judgement Also stated that there were No Reversible Error. (which Under) Blanke N Ship, 673 S.W. 2d At 585. Me/Appellant unequivocally invoked my desire to Represent myself at the out set of the proceedings and did not vacillate from that Request. It was timely as it was made prior to the jury' Empaneling And was Not Done in order to Delay or Disrupt the proceedings.

C). The Appellant engaged in a Faretta hearing where the Appellant's ability to Represent myself was assessed. Judge Ryan Patrick (Trial Court) who also presided over the Appellants trial in the present case—made written findings of fact that "the Defendant has sufficient, age, background, education, and competency to understand the implications and dangers of self-representation" Further, the trial Court granted the Appellant's motion to proceed Pro Se at the Burglary of a Habitation trial and many case.

D). Sole Issue: The trial Court Abused its Discretion in Denying the Appellants timely and unequivocal Request to present himself, as the fear of potential Disruption or Security Concerns This is not a Recognized basis for the denial of that Constitutional Right. More so, Trial Court Explained to the Appellant that his right to self Representation had been Revoked because a Shank was found in the HoldOver cell by one of the trial Court's bailiffs The trial Court Also Commented that the Appellant had admitted to the bailiff that he hand carried the shank into the Courtroom during a previous trial and ordered the Appellant's stand-by Counsel to Complete the trial.

E). The Denial of Defendant/Appellant Right to Self-Representation Is Reviewed for AN Abuse of Discretion And Is not subject to harmless Error Review; on appellate review a trial Court's Ruling on a Defendant's Decision to waive assistance of Counsel is Examined for an Abuse of Discretion Chadwick v. State, 309 S.W. 3d 558 (Tex. Crim. App. 2010) Under this standard, a trial Court's Ruling is Afforded Almost total Deference, Evidence is viewed in the light most favorable to the trial Court's Ruling, And AN Appellate Court must imply and findings of fact supported by the evidence and necessary to the support the trial Judge's Ruling when no explicit findings have been made.

F). The Right to self-Representation is in a Rarified class of Constitutional Rights which can not ~~Amenable to~~ be subject to harmless Error Analysis. See McKaskle v. Wiggins, 465 U.S 168, 177 N. 8 (1984) ("Since the Right of self-Representation is a Right that when Exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its Denial is not amenable to "harmless Error" Analysis. ~~See~~ The Right is Either Respected or Denied; See Also Birdwell v. State, 10 S. W. 3d 74, 78 (Tex. App. Houston [14th Dist.] 1999, pet. Ref'd (Reversing the Appellant's conviction and is not subject to harmless Error Analysis). Therefore, Any Erroneous deprivation of a defendant's Right to self-representation qualifies as grounds for an Automatic Reversal. See United State V. Gonzalez-Lopez, 548 U.S. 140, 150 (2006) (Describing the Erroneous deprivation of a

● Defendant's Right to Counsel of choice qualifies as "Structural Error")    Last;

9). Sixth Amendment; confers an independent constitutional Right for a person accused of a crime to conduct their own Defense and proceed Pro Se through Criminal litigation. Faretta v. California, 422 U.S. 806, 819 (1975). The Court Explained that "the Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the Right to make his Defense" Id. As might be expected this Federal Constitutional Right has been extended to the States through the Fourteenth Amendment.    (More so);

There are two restrictions on the Right to Self-Representation that a trial Court may invoke to Deny a defendant's Request to proceed Pro Se   (Second)

the Right to Self-Representation may be Restricted by the trial Court for "A Defendant who Deliberately engages in Serious and obstructionist misconduct" which was seemingly Reason invoked by the trial Court in present case to Deny the Appellant's Request for Self Representation. While Texas Courts have Recognized this as a theoretical basis on which the Right to Self-Representation could be Denied, there appear to be no decisions where this Reasoning has been Relied upon by an Appellate Court to affirm the Denial of the Right to Self-Representation. See, e.g., Ex parte Winton, 837 S.W. 2d 134, 135-36 (Tex. Crim. App. 1992); Birdwell, 10 S.W. 3d at 77-78 ("The Record does not support the conclusion that Appellant's Request to Represent himself would have disrupted Court proceeding to a degree that would have affected the Administration of Justice); Just merely Allegation; that was Dismiss 02/27/15

H). Denying a Defendant his Right to Self-Representation Does not demonstrably increase Courtroom safety, as the Defendant will have to be present at trial in the same manner as he would if he appeared Pro Se. the California Supreme Court Reviewed the death penalty conviction of a defendant who had sought to Represent himself at trial, but had the Right to Self Representation Revoked after it had been initially Allowed by the trial Court. When the defendants Right to Self-Representation was Revoked, the trial Court Explained that its decision was due to the Defendants Misconduct while in custody. Id. at 825-26. The behavior of the defendant in Butler is highly Analogous to the Appellants behavior in present case that the trial Court Relied on to Deny the Self-Representation Request. The California Supreme Court highlighted that the defendant "was

Repeatedly discover with weapons. People v Butler, 249 P.3d 982 (Cal. 2009) Notably, the case for which the defendant in Butler was on trial for was the stabbing to Death of another inmate while in jail Id At 818. Ultimately, the majority in Butler held that the trial Court erred in revoking the Appellant's right to self representation and reversed the defendant's conviction on this ground. The Appellate Court explained that while the trial Court's security concerns were well founded, there was no showing that allowing the defendant to represent himself increased the security risk in any way "Self-Represented or not, Defendant are going to be housed in the jail, transported to and from Court, and in Attendance. People v Superior Court, 24, Cal.App. 4th 350, 29 Cal.Rptr. 2d 305 (Cal.Ct.App.1994) Defendant Request to self Represent based on security and escape risk; held "[T]here is simply no authority to deny A defendant the right of self-representation because the defendant possesa real or perceived threat).

I). In United States v. Dougherty 473. F.2d 1113 (D.C.Cir. 1972) Ealution of the denial of a request of seven co-defendants tryed together in a consolidated proceeding to Represent themselves but; because of rumors that there maybe some disruptions during trial and An disruptions Did happen During trial; where that same disruptions in court by the defendants could not serve to bootstrap the trial Court's preemptive denial of the right Id ("This is like using the fruit of an unreasonable search to provide A cause making the search Reasonable") I/Appellant had not actually caused a disruption by time myself Representation was request then Denied. Since Faretta was decided by the supreme Court three years after Dougherty and specifically Recognized the right to self-representation as enshrined in the Federal Constitution there by strengthening this right even further, this Court should reach a conclusion similar to that of the D.C Circuit and hold that the trial Court abused its Discretion in preemptively denying I/Appellant his request to self Representation and is great ground for Reversel

## III.

A). 2nd sole issuse: insufficient evidence to support conviction is a violation of the fourteenth Amendment US Constitution (where Also) under Brady v. Maryland 373 US. 83 183 S.Ct. 1194 (1963) The petitioner had been convicted of A Murder in the first Degree (Comm

A). INEFFECTIVE ASSISTANCE ° UNDER Faretta V. California, 422 U.S 806 (1975) Sixth and Fourteenth Amendment (Also) Criminal law § 46.3 Right to Counsel 1). The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or Federal Court mux t be afforded the right to the Assistance of Counsel before he can be validly convicted and punished by imprisonment Criminal Law § 46 - defendants right to Self Representation ° 2A, 2b, 2C A defendant in state Criminal trial has a constitutional Right to proceed without Counsel when he voluntarily and intelligently elects to do So, and such Right of Self-Representation is supported by the structure of the Sixth Amendment which necessarily implies a right of Self-Representation and by the English and Colonial judris prudence from which Sixth Amendment Emerged Criminal Law § 46 - Sixth Amendment Rights necessary to make defense (overall) ° I/ Appellant was Deined that right and Court Appointed Counsel upon me (who) never properly Polled the jury in punishment faze / objected to hate motion filing on prosecutor behalf and/or Admissioniblty of Evident / Witnesses (Last) ° If prosecutor had chance to file motion late then why wasn't I/Appellant Allow to suppression as spoke on Earlier. Brady V Maryland 373 U.S. 83, 183 S. Ct. 1194 (1963). Ineffective Assistance As well as the Recorded Reflecting All of the Above.

## VI.

A) indicment ° unlike spoke on in memorandum opinion (Judgement) the offense of burglary of habitation with intent to commit Assault as stated Tex. Penal Code Ann §. 30 that A suspected who ingages in Bur. of hab. Trial Court/ Grand jury has to show evident that either habitation was own more greater possesion that Defendant or either by Keys; clothes; title; Etc... that por Bon is shown that Right is speicfied in the indicment none of these Aplied to ~~Sauon that right is~~ this offense; but as stated under Tex Code S. Crim. Proc. Art 20.20 to 20.22, 2101 to 2019 theres A three process of a grand jury #1 taking of Evident (on arresting officer behalf) #2 deliberation and/or discussion As to the propriety of finding indictment and the process of voting where 9 of 12 juror vote for a bill the foreperson is directed to prepare a

● MEMORANDUM of the vote (which, If check transcriptied was Never founded) which Enable the prosecutor to write the Real true bill indictment Tex. Code Crim. Proc. ANN. Art 209 The failure of a grand jury foreperson to draft A Memorandum After the vote to present the indictment didnot Render the indictment No Bill. (over All) Even the Record (transcpit) Reflected. There were no Memorandum providing Real true Bill.

Wherefore, Premises Considered, the Appellant prays that this Court of Appeal First District grants motion for Rehearing and or time Extenison to file Petitioner for Discretionary Review (P.D.R) under the understanding that there were An Error in panel set on Aug 18, 2015 And There are grounds for Reversal that wasn't found in judgement produce Aug 25, 2015 Date I have on Opinion.

● Respectfully submitted this the 9th day of September, 2015

<u>Weylin WAlford</u>
APPELLANT

"I Weylin WAlford SPN 01980499 (Connally Unit) TDCJ, being presently incarcerated in Connally Unit 899 FM 632 Kenedy, Texas, 78119, declare under penalty of perjury that the foregoing is true And correct.

EXECUTED ON <u>September 9, 2015</u>
DATE

<u>Wuy.... Alfe...</u>
SIGNATURE

ORDER

ON this the 9th day of September 2015 came on to be heard the foregoing petitioner's motions and it Appears to this Court that it should be:

● Granted _____ Denied _____, And it is so order

JUSTICES          JUSTICES          JUSTICES

Victor Williams 01933552
Connally Unit
899 FM632 Kenedy, Texas 78119

Court Appeals First District
301 Fannin Street (legal work)
Houston, Texas 77002-2066

MAIL RECEIVED

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

SEP 1 4 2015

CHRISTOPHER A. PRINE
CLERK

